[Cite as *State v. Douglas*, 2025-Ohio-2635.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, CITY OF WARREN, | **CASE NOS. 2024-T-0099** **2024-T-0100** **2024-T-0101** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeals from the Warren Municipal Court |
| DESEMEN D. DOUGLAS, | Trial Court Nos. 2024 CRB 001544 |
| Defendant-Appellant. | 2024 CRB 001545 2024 CRB 001546 |

## OPINION AND JUDGMENT ENTRY

Decided: July 28, 2025
Judgment: Affirmed

*Enzo Cantalamessa,* Warren City Law Director, and *Cheryl Zebrasky*, Assistant Prosecutor, 141 South Street, S.E., Warren, OH 44481 (For Plaintiff-Appellee).

*John P. Laczko*, John P. Laczko, LLC, City Centre One, Suite 975, 100 East Federal Street, Youngstown, OH 44503 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Desemen D. Douglas, appeals his three convictions for Domestic Violence, first-degree misdemeanors, following a bench trial in the Warren Municipal Court.

{¶2} Appellant raises two assignments of error, arguing (1) the guilty verdicts were against the manifest weight of the evidence; and (2) he received ineffective assistance of trial counsel.

{¶3} Having reviewed the record and applicable law, we find Appellant's assignments of error to be without merit. First, the guilty verdicts were not against the manifest weight of the evidence. Appellant challenges the trial court's determination that the three victims' testimony was credible; however, there is no basis upon which to disturb that determination. Second, Appellant has not established ineffective assistance of trial counsel. There is nothing in the record that affirmatively demonstrates that trial counsel failed to meet with Appellant. Counsel's other alleged deficiencies involved matters of trial strategy.

{¶4} Therefore, we affirm the judgments of the Warren Municipal Court.

**Substantive and Procedural History**

{¶5} This case involves Appellant's convictions for Domestic Violence against three of his family members: his estranged wife, Natasha Wilbert ("Ms. Wilbert"); his 15-year-old daughter, N.D.; and his 20-year-old daughter, Zyrah Douglas ("Zyrah").

{¶6} Appellant and Ms. Wilbert have been married for nine years and have five children; however, they have not lived together for the past five to six years.

{¶7} On the evening of Friday, August 30, 2024, Appellant was watching the three youngest children at his apartment in Warren, Ohio. The two older children, N.D. and Zyrah, were at a high school football game. Ms. Wilbert planned to pick up her daughters from the game and drive to Appellant's apartment to drop off a tablet for her seven-year-old son.

{¶8} At the game, N.D.'s friend approached her and said Appellant had told her that the family "kicked" him out and were being "disrespectful." When Ms. Wilbert arrived,

Case Nos. 2024-T-0099, 2024-T-0100, 2024-T-0101

N.D. told her about this encounter. Ms. Wilbert became upset that Appellant had shared personal information and planned to ask him about it.

{¶9} Ms. Wilbert and her daughters arrived at Appellant's apartment. While inside, Ms. Wilbert confronted Appellant about sharing personal information with N.D.'s friend. The couple began arguing, and the argument became heated. Appellant shoved Ms. Wilbert, at which time N.D. and Zyrah got involved. Ultimately, Ms. Wilbert, N.D., and Zyrah began physically fighting with Appellant, which continued outside the apartment. According to Ms. Wilbert, Appellant punched her in the eye and on the lip. According to N.D., Appellant punched her several times in the chest, arms, and face. According to Zyrah, Appellant banged her head against the apartment building.

{¶10} The fighting stopped, and N.D. called the police. The police arrived, questioned the parties, and arrested Appellant. None of the victims sought medical attention.

{¶11} On Monday, September 2, 2024, the police filed three criminal complaints in the Warren Municipal Court charging Appellant with Domestic Violence, first-degree misdemeanors in violation of Warren Cod.Ord. 537.14. The complaints alleged that Appellant "did knowingly cause or attempt to cause physical harm to" each of the three victims, who are "family or household member[s]."

{¶12} On September 3, 2024, Appellant was arraigned, pleaded not guilty, and was appointed counsel. Appellant was released on a personal recognizance bond that prohibited him from contacting the victims.

{¶13} On September 12, 2024, the trial court held a pretrial. On October 3, 2024, the court held a second pretrial. The trial court granted the State's motion to revoke

Case Nos. 2024-T-0099, 2024-T-0100, 2024-T-0101

Appellant's bond for texting the victims and attempting to communicate with one of them during the hearing.

{¶14}  On October 10, 2024, the trial court held a final pretrial.  The trial court overruled Appellant's motion to reinstate his bond.

{¶15}  On October 24, 2024, the parties appeared for trial.  Ms. Wilbert had to leave court due to childcare issues.  Over Appellant's objection, the trial court continued the trial until October 28.

{¶16}  On October 28, 2024, the case was tried to the bench.  The State presented testimony from Ms. Wilbert, N.D., and Zyrah.  The defense did not present witness testimony or any evidence other than defense counsel's cross-examination of the victims.

{¶17}  The trial court found Appellant guilty of all three charges of Domestic Violence.  The trial court sentenced Appellant to 180 days in jail on each count, to be served consecutively, with 90 days suspended and 28 days of jail time credit; five years of probation to include an assessment for anger management, a batterer's intervention program, and no contact with N.D. and Zyrah; and a $25 fine for each charge and court costs.  On the same date, the trial court filed Appellant's three judgments of conviction.

{¶18}  On November 27, 2024, Appellant timely and separately appealed each judgment of conviction.  This Court sua sponte consolidated Appellant's appeals for all purposes.  Appellant raises two assignments of error.  Appellee did not file an answer brief.

Case Nos. 2024-T-0099, 2024-T-0100, 2024-T-0101

**Manifest Weight of the Evidence**

{¶19} Appellant's first assignment of error states: "The trial court denied Appellant Due Process under the Fourteenth Amendment due to the fact his convictions for domestic violence were against the manifest weight of the evidence and the trial court judge's findings of guilty were inconsistent with the evidence and testimony presented at trial."

{¶20} "[W]eight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 2007-Ohio-2202, ¶ 25. "In other words, a reviewing court asks whose evidence is more persuasive—the state's or the defendant's?" *Id*. "'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 1997-Ohio-52, ¶ 25, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id*., quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). "'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id*., quoting *Martin* at 175.[1]

---

1. While Appellant also quotes caselaw involving the sufficiency of the evidence, his specific arguments involve manifest weight. Therefore, we will not separately address the evidence's sufficiency.

Case Nos. 2024-T-0099, 2024-T-0100, 2024-T-0101

{¶21} Appellant argues that the verdicts were against the manifest weight of the evidence because the testimony of the three victims was "varying," "contradicted," and "unreliable."

{¶22} Appellant's argument involves the victims' credibility. The Supreme Court of Ohio has held that "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact[,] and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan*, 22 Ohio St.3d 120, 123 (1986). This is because "'the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" *Davis v. Flickinger*, 1997-Ohio-260, ¶ 14, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). Therefore, "'[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not. The determination of credibility of testimony and evidence must not be encroached upon by a reviewing tribunal . . . .'" *Id.*, quoting *Seasons Coal Co.* at 81.

{¶23} The trial court, in rendering its verdicts, explicitly addressed the inconsistencies in the victims' testimony, stating in relevant part:

> I do want to point out some things with regard to inconsistency. The inconsistencies I do not believe went to the elements of the matter. The inconsistencies fell specifically, I think, with regard to who walked up to the house and at what time and when they walked up to the house. I don't believe that's something that destroyed or even diminished the credibility of the individuals.
> . . .

Case Nos. 2024-T-0099, 2024-T-0100, 2024-T-0101

I believe that, based on the testimony that was presented regarding in specifically attempting or causing physical harm, I believe that that was established.

{¶24} In other words, the trial court determined that despite some irrelevant inconsistencies, the victims' testimony credibly established the elements of Domestic Violence. Upon review, we see no basis upon which to disturb the trial court's credibility determination.

{¶25} Appellant next argues that the victims' injuries were "never substantiated by medical treatment records or photographs." The trial court also explicitly addressed this argument, stating in relevant part: "Now, I know that there was some reference to medical records. And while medical records can certainly corroborate information and provide additional evidence, it's not required."

{¶26} The trial court's statement is legally correct. This Court has held that a victim's testimony alone can prove domestic violence. *State v. Puchowicz*, 2024-Ohio-5766, ¶ 27 (11th Dist.); *e.g., State v. Mansour*, 2011-Ohio-5438, ¶ 23 (11th Dist.); *State v. Warfield*, 2003-Ohio-2366, ¶ 11 (11th Dist.). For instance, in *Mansour*, this Court stated that "[t]he testimony of a victim that she was injured is sufficient to support a domestic violence conviction, even when a victim 'failed to seek medical treatment, nobody saw [her] injury, and no photographs were taken of her [injury].'" *Id.* at ¶ 27, quoting *State v. Summers*, 2003-Ohio-5866, ¶ 31 (11th Dist.).

{¶27} In sum, the guilty verdicts were not against the manifest weight of the evidence. Accordingly, Appellant's first assignment of error is without merit.

Case Nos. 2024-T-0099, 2024-T-0100, 2024-T-0101

**Ineffective Assistance of Counsel**

{¶28} Appellant's second assignment of error states: "Appellant contends he received ineffective assistance of counsel throughout pretrial proceedings, bench trial and at the sentencing hearing in the instant matter in violation of his Sixth and Fourteenth Amendment rights as well as his rights under Section 10, Article I of the Ohio Constitution."

{¶29} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. Specifically, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. "The standard under the Ohio Constitution is 'essentially the same as the one enunciated by the United States Supreme Court in *Strickland*.'" *State v. Worley*, 2021-Ohio-2207, ¶ 95, quoting *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989).

{¶30} Appellant argues that his trial counsel was ineffective because she failed to meet with him to prepare for trial. According to Appellant, this is "quite evident" from the

Case Nos. 2024-T-0099, 2024-T-0100, 2024-T-0101

fact that counsel did not offer his "rebuttal testimony," "put forth" a defense, or present witness testimony or other evidence besides "meager" cross-examination.

{¶31} There is nothing in the record that affirmatively demonstrates that trial counsel failed to meet with Appellant. In addition, while Appellant did not testify at trial, he does not contend that counsel precluded him from doing so. This Court has recognized that a criminal defendant's decision to testify is ultimately his or her decision, not defense counsel's. *State v. McCaleb*, 2004-Ohio-5940, ¶ 94 (11th Dist.). However, Appellant "cannot base his claim of ineffective assistance of counsel upon his acquiescence to defense counsel's advice to not testify." *Id*. at ¶ 95.

{¶32} Further, while trial counsel did not present testimony or evidence other than cross-examination, those are matters of trial strategy. *See State v. Beesler*, 2003-Ohio-2815, ¶ 13 (11th Dist.) ("[t]he decision to call witnesses is within the province of counsel's trial tactics); *State v. Wolf*, 1997 WL 374307, *5 (11th Dist. Jan. 31, 1997) ("[c]ounsel's decisions on what evidence to present and how to present the defense constitute trial strategy"); *State v. Stroud*, 2023-Ohio-569, ¶ 50 (11th Dist.) (counsel's decision to cross-examine a witness and the extent of such cross-examination are tactical matters). "'Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available.'" *Id*., quoting *State v. Conley*, 2015-Ohio-2553, ¶ 56 (2d Dist.).

{¶33} Appellant next argues that his trial counsel was ineffective for failing to make a Crim.R. 29 motion for acquittal. Crim.R. 29(A) provides, in relevant part, that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged

Case Nos. 2024-T-0099, 2024-T-0100, 2024-T-0101

in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." Thus, a Crim.R. 29 motion challenges the sufficiency of the evidence. *Stroud* at ¶ 28.

{¶34} Trial counsel's failure to make a Crim.R. 29 motion for acquittal is not ineffective where such a motion would have been fruitless. *Id*. Here, Appellant was convicted of Domestic Violence in violation of Warren Cod.Ord. 537.14(a), which provides, "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Appellant has not asserted or explained how a Crim.R. 29 motion would have been successful, nor has he argued on appeal that the State's evidence, if believed, was legally insufficient to establish one or more elements. Instead, as discussed above, Appellant challenges the victims' credibility, which involves the manifest weight of the evidence.

{¶35} In sum, Appellant has not established ineffective assistance of trial counsel. Accordingly, Appellant's second assignment of error is without merit.

{¶36} For the foregoing reasons, the judgments of the Warren Municipal Court are affirmed.


ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignments of error are without merit. It is the judgment and order of this court that the judgments of the Warren Municipal Court are affirmed.

Costs to be taxed against Appellant.

JUDGE JOHN J. EKLUND

PRESIDING JUDGE ROBERT J. PATTON,
concurs

JUDGE MATT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case Nos. 2024-T-0099, 2024-T-0100, 2024-T-0101